FILED

APR 20 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JERRY SMITH,

    Plaintiff,

v.

KEVIN R. CHAPPELL, et. al.,

    Defendants.

No. C 14-03752 EJD (PR)

ORDER OF DISMISSAL

    Plaintiff, a state prisoner at San Quentin State Prison (SQSP"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was dismissed with leave to amend for failing to allege an actual injury. (Docket No. 5 at 2.) Plaintiff's amended complaint is now before the Court for an initial review. (Docket No. 6.)

**DISCUSSION**

A. **Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff makes the following allegations in his amended complaint: In November 2013, Plaintiff needed 10x13 legal indigent envelopes[1] (also referred to as Non Sufficient Funds ("NSF") envelopes) so that he "could send some papers to pursue a claim pertaining to a medical issue [he was] having in Case No. CV 141159 file[d] in northern district court." (Am. Compl. at 3.) He requested the envelopes from SQSP Law Librarian Tom Brobst who informed him that Unit Officer L. Fraire, a named defendant, was the designated staff member in charge of distributing the envelopes. Officer Fraire denied Plaintiff's request for the 10x13 NSF envelopes. Plaintiff finally received the requested envelopes from the SQSP Education Department at or around December 2013.

Plaintiff alleges that he was also denied access to the courts when SQSP mail room supervisor Alex Lile, a named defendant, refused to process his legal mail because he did not have NSF envelopes.

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous

---

[1] The prison provides indigent inmates with envelopes for correspondence. Cal. Code Regs. tit. 15, § 3138.

claim concerning his conviction or conditions of confinement. See id. at 354-55.

Plaintiff's complaint fails to state a claim of a denial of access to courts because he cannot show an actual injury. Plaintiff claims that the lack of NSF envelopes resulted in a denial of access to the courts because Lile would not process his legal mail without the envelopes. Plaintiff does not explain how Lile's failure to process his legal mail hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. See Lewis, 518 U.S. at 354-55. The case he cites, C No 14-1159 EJD, Smith v. Tootell, was filed March 20, 2014, and the complaint indicates that Plaintiff received the envelopes sometime in December, prior to his commencing C No 14-1159. (Docket No. 6 at 3 and 6-1 at 7.) The denial of envelopes did not hinder Plaintiff's efforts to pursue relief in C No 14-1159 EJD, Smith v. Tootell. Moreover, conclusory allegations are not sufficient to state a cognizable claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In addition, the exhibits attached to Plaintiff's amended complaint show that, contrary to his allegations, Plaintiff has had access to NSF envelopes. Indigent envelope requests are processed by the Inmate Trust Office and issued by designated unit staff — in this case, Officer Fraire. (Docket No. 6-1 at 9.) For Plaintiff's unit, indigent envelopes are distributed on Thursdays between the hours of 11 and 12 am. (Id. at 10.) Plaintiff is aware of the policy and claims to be "out" on Thursdays and therefore unable to receive his envelopes that day; however, it appears that Plaintiff is away from his unit by choice and has the option to remain in the unit to receive his NSF envelopes. (Id. at 7.) According to the exhibits, prison officials provided him with the requested envelopes on December 21, 2013, thereby resolving Plaintiff's issue regarding the 10x13 NSF envelopes. (Id.) When asked by prison officials why he was submitting an appeal for an issue that had been resolved, Plaintiff responded that he was doing it "for future reference and to mail to the courts." (Id.)

Plaintiff's original complaint was dismissed because he failed to allege an actual injury. (Docket No. 5 at 2.) Plaintiff has failed to correct this deficiency in his amended

complaint. Plaintiff's allegations in his amended complaint are again insufficient to state a claim of a denial of access to courts because he has failed to allege an actual injury. Further leave to amend will not be granted because the Court already has explained to Plaintiff the specific deficiencies in his pleading, and he has been unable or unwilling to correct them. The complaint is DISMISSED.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED with prejudice for failure to state a claim on which relief may be granted.

DATED: 4/20/15

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JERRY SMITH,

      Plaintiff,

v.

KEVIN R. CHAPPELL, et al.,

      Defendant.

Case Number CV 14-03752 BLF (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on __4/20/15__, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Jerry Smith**
H44485
San Quentin State Prison
San Quentin, CA 94974

DATED: __4/20/15__

Richard W. Wieking, Clerk
Elizabeth Garcia, Deputy clerk